IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIE WARREN-GALLUP,

                Plaintiff,

v.                                                      ORDER

CAROLYN W. COLVIN,                              15-cv-601-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Julie Warren-Gallup seeks judicial review of a final decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. Warren-Gallup has filed her opening brief in support of remanding this case. Dkt. 10. After a preliminary review of the administrative record, remand appears to be appropriate under *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010).

The ALJ determined that Warren-Gallup suffered from moderate limitations in concentration, persistence, and pace (CPP). R. 24.[1] In formulating the mental limitations in Warren-Gallup's residual functional capacity, the ALJ concluded that she would be "limited to simple routine tasks involving few if any work place changes. And is likely to be off task for about five to ten percent of the workday in addition to regularly scheduled breaks from work." R. 25. During a hearing on Warren-Gallup's application for benefits, the ALJ presented these limitations in hypothetical questions to a vocational expert. R. 63-64.

Seventh Circuit precedent on the issue of evaluating a claimant's CPP limitations is clear: "[i]n most cases . . . employing terms like 'simple, repetitive tasks' on their own will not

---

[1] Record cites are to the administrative record, Dkt. 7.

necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." *O'Connor-Spinner*, 627 F.3d at 620; *see also Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014). Although an ALJ does not have to include the terms "concentration, persistence, or pace" in the residual functional capacity or in the hypothetical questions to the VE, the ALJ's phrasing must accommodate the claimant's moderate CPP limitations. *Yurt*, 758 F.3d at 859; *O'Connor-Spinner,* 627 F.3d at 619.

In this case, the ALJ's inclusion of other limitations regarding workplace changes and time off-task likely cannot save the otherwise inadequate hypothetical. Restrictions on workplace changes usually deal with a claimant's workplace adaption, rather than with her ability to maintain CPP. *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015). And "[t]o the extent that a time-off-task limitation could account for CPP deficiencies under the *O'Connor-Spinner* line of cases, the ALJ must explain the basis for his conclusion." *Finzel v. Colvin*, No. 15-cv-98, 2015 WL 4877412, at *5 (E.D. Wis. Aug. 14, 2015); *see also Rapp v. Colvin*, No. 12-cv-353, 2015 WL 1268327, at *5 (W.D. Wis. Mar. 19, 2015) ("[T]he ALJ failed to *explain* why the 10% limitation he arrived at properly characterizes each of the claimant's moderate limitations in CPP." (original emphasis)). Here, the ALJ did not identify the basis for his off-task limitation—except to note a conflict between a therapist's recommendation and Warren-Gallup's attorney's recommendation—or explain how the restriction accounted for Warren-Gallup's CPP limitations. *See* R. 25-27. It therefore appears that the ALJ's hypotheticals did not account for Warren-Gallup's moderate difficulty in maintaining CPP.

The Commissioner has not yet filed her brief on the merits. But based on the Seventh Circuit precedent identified in this order, the ALJ's decision is on shaky ground. If the Commissioner concludes that remand is necessary, then the parties should file a joint

stipulation to remand this case before the deadline for the Commissioner's brief. The stipulation must refer to the issues outlined in this order and to any other arguably meritorious issues that Warren-Gallup raised in her opening brief. The stipulation must also agree to an award of reasonable attorney fees and costs.

The Commissioner is, of course, free to argue that remand is not warranted, in which case the court will proceed to a full review of the record and of the arguments that Warren-Gallup raises in support of remand. But this court has cautioned the Commissioner against "stubbornly refus[ing] to acknowledge the import of *O'Connor-Spinner*." *Smith v. Colvin*, No. 13-cv-304, 2015 WL 792041, at *1 (W.D. Wis. Feb. 25, 2015); *see also Street v. Colvin*, No. 14-cv-510 (W.D. Wis. May 4, 2015) (order to show cause). If the Commissioner defends the ALJ's decision without meaningfully distinguishing this case from *Yurt* and *O'Connor-Spinner*, then the court may consider imposing sanctions for advancing arguments that are in bad faith, frivolous, or unreasonable. *See Vanderhoof v. Colvin*, No. 14-cv-440, 2015 WL 5749808, at *3 (W.D. Wis. Sept. 30, 2015).

ORDER

IT IS ORDERED that by March 22, 2016, the Commissioner must file her brief on the merits or the parties must file a joint stipulation to remand this case for the reasons explained in this order.

Entered January 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge